JOSEPH STOINSKI AND MARY STOINSKI V. ANTON PULTE AND JOSEPH BERLITZKEY.

*Ejectment—Amendment of declaration—Joinder of parties.*

1. An amendment of the served copy of a declaration in ejectment which made it correspond as to description with the original on file, and which could not have misled the defendants, is held properly allowed on the trial.
2. It is the first duty of the plaintiff in ejectment to prove a title, and identify the land sought to be recovered.
3. Where two brothers and their wives occupied a lot of land within the constitutional requirements necessary to constitute a homestead, *all* of said persons are necessary parties to an action of ejectment to recover said premises.

Error to Wayne.   (Brevoort, J.)   Argued October 16, 1889.   Decided November 1, 1889.

Ejectment.   Plaintiffs bring error.   Affirmed.   The facts are stated in the opinion.

*M. B. Breitenbach* and *B. T. Prentis*, for appellants.
*Edgar Weeks* and *D. F. Glidden*, for defendants.

CAMPBELL, J.   Plaintiffs brought ejectment for what they claimed to be a strip five feet wide, belonging to the west part of lot 1, of outlot 188, of the Rivard farm, in Detroit, bordering on the Louis Moran farm.   The court properly allowed an amendment of the served copy

of the declaration which made it correspond with the original on file, and which could not have mislead defendants. [1]

Plaintiff testified he purchased lot 1 in Tait's subdivision of that part of outlot 188 of the Rivard farm lying north of Fremont street. He produced his title, which was an executory contract from William Tait, dated June 1, 1886, providing for its purchase for $500 and interest, in eight half-yearly payments, and for a conveyance with mortgage back on the completion of a house therein described. No deed was shown from Tait. Nothing was offered to show title in Tait, or to show where lot 1 was, or what were its dimensions. An attempt to have plaintiff swear to the size of his lot by parol, and without reference to Tait's plan, was properly shut out.

Plaintiff testified that John Derlitzkey lived next to him, and that Joseph Derlitzkey also lived with John. He testified that the declaration was served on John, and not on Joseph. Joseph defends the case. Plaintiffs' counsel, in one of the rather confused discussions, stated that the question was whether an amendment should not be made substituting John for Joseph as defendant. No ruling seems to have been asked or made. On cross-examination, it appeared that John was married and lived on the premises with his wife, as his home, and that Joseph was also married, and lived with his wife in the same house; and that plaintiff knew this when suit was commenced; and that the premises on which they lived were worth $700 or $800.

No further testimony was offered. Upon a suggestion from the court that under plaintiffs' case, as presented,

---

[1] The land was described by metes and bounds in the declaration, and some of the courses and distances were omitted in the copy served.

there could be no recovery, counsel said he had not yet rested; and, on the further claim of defendants' counsel that no further testimony would change the facts already shown by plaintiff, Mr. Prentis said that was all he had to say. The court said he did not see how plaintiffs could recover under the testimony given, and charged the jury to find for defendants. Mr. Breitenbach said they had not rested, but made no offer to prove anything more, and did not state he could do so. The jury found for defendants.

It was the plaintiffs' first duty to prove a title, and identify their land. This was not done, and there was no offer to do so, or statement that it could or would be done.

But, having affirmatively proved that both John and Joseph Derlitzkey, and their wives, occupied the property in question, it is manifest that plaintiffs could not amend so as to bring in John and put out Joseph from the record, without new pleading and appearance by John, who was not before the court. But it is also plain that the case was defective without having both of them impleaded, and, according to plaintiffs' testimony, their wives were equally necessary parties. It was therefore impossible that plaintiffs could recover at all on the record, or any amendment that could be granted during a trial; and the court properly so ruled.

The judgment must be affirmed, with costs of both courts, and the record remanded, under the statutes.

The other Justices concurred.